IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TEHIRAN L. MCDOUGALD, GU-8329,   )
    Petitioner,                                        )
                                                               )
        v.                                           )        2:18-cv-739
                                                               )
DISTRICT ATTORNEY, et al.,                   )
    Respondents.                                  )

MEMORANDUM OPINION and ORDER

      Tehiran L. McDougald, an inmate at the State Correctional Institution-Albion has presented a petition for a writ of habeas corpus. In response the District Attorney of Washington County has filed a motion to dismiss (ECF No.13) and the Pennsylvania Board of Probation and Parole has filed a response (ECF No. 19). For the reasons set forth below, the Motion to Dismiss filed by Washington County will be granted, and the petition for a writ of habeas corpus (ECF No. 5) will be dismissed as being without merit.

      McDougald is presenting serving the remainder of a two to five year sentence imposed on July 17, 2006 upon his plea of guilty to charges of carrying a firearm without a license and manufacture/delivery/sale of controlled substance at CP-63-CR-1457-2005 in the Court of Common Pleas of Washington County, Pennsylvania.[1] No appeal was pursued.[2]

      It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] See: Petition at ¶¶ 1-6.
[2] Id. at ¶ 8.

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, an appeal was never filed so petitioner's conviction became final when the time in which to seek such review expired i.e., August 16, 2006. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[3] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek relief here until May of 2018 or almost twelve years after his conviction became final. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred. For this reason, the District Attorney's motion to dismissed will be granted.

However, this does not end our inquiry. What McDougald is really seeking is to challenge the actions of the Pennsylvania Board of Probation and Parole's ("the Board") in recalculating his release date.

The Board has submitted an answer with appended exhibits. (ECF No.19). On October 5, 2009, the Board authorized petitioner's release on or after January 5, 2010 subject to a concurrent county sentence (Ex. A). He was actually paroled on January 20, 2010 (Ex. A). On December 14, 2010, the Board declared petitioner delinquent (Ex. B.). Petitioner waived a hearing (Ex. E) and on April 29, 2011the Board ordered him detained as a technical violator pending resolution of new criminal charges (Ex. F). On May 1, 2012, McDougald entered a guilty plea to federal charges and was sentenced to ninety months imprisonment (Exs. G. and H). On October 25, 2012 the Board recommitted the petitioner as a convicted parole violator to serve the balance of his sentence when released from federal custody. This decision was affirmed on

---

[3] See: PA.R.App.P. 903(a) ("the notice of appeal …shall be filed within 30 days after the entry of the order from which the appeal is taken.").

2

October 25, 2012 (Exs. K and N). Petitioner was released from federal custody on September 15, 2017 (Ex. O). As a result, he re-entered state custody "to serve [an] unexpired term of 1 year, 8 months, 5 days" with a sentence maximum expiration date recalculated as May 20, 2019 (Ex. Q).

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for petitioner's present incarceration were based on the plaintiff's criminal conduct while on parole and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that McDougald's continued incarceration is not the result of a violation of any federally protected rights. Rather, the record demonstrates that at the time of his state release on parole he still had unexpired time remaining on his state sentence. While on parole he was convicted of a federal offense and sentenced to federal custody. Upon his release from the latter sentence he again re-entered state custody to serve the unexpired balance of his state sentence. Thus, the continuation of his state incarceration is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the District Attorney's motion to dismiss the petition as time barred (ECF No. 13) will be granted, and the habeas corpus petition (ECF No. 5) will be dismissed for lack of

merit. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell  
United States Magistrate Judge

ORDER

AND NOW, this 19th day of November, 2018, for reasons set forth in the foregoing Memorandum, the respondents' motion to dismiss (ECF No. 13) is GRANTED, the petition of Tehiran L. McDougald for a writ of habeas corpus (ECF No. 5) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge